# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR413-067 |
| | ) | |
| ADAN PLATAS LARIOS | ) | |

## REPORT AND RECOMMENDATION

Convicted on his guilty plea and sentenced to 96 months for violating 8 U.S.C. § 1326(a) and (b)(2) (illegal reentry by an illegal alien), doc. 34, Adan Platas Larios filed a "Petition to Correct Clerical Error in the [Presentence Investigation Report (PSI)]," doc. 52, which follows a direct appeal dismissed pursuant to his plea agreement's sentence-appeal waiver. Doc. 51. He claimed that his sentence is too long because, in calculating it under the U.S. Sentencing Guidelines, the Probation Office wrongly attributed a number of points in assessing his criminal history. Doc. 52 at 2-3. He thus wanted the Court to "investigate" the sentence, "correct" any errors, and "grant him any necessary relief." Doc. 52 at 4 (insisting the error was clerical and that "applying someone else['s] record as factors to increase [his] sentence is a gross miscarriage of

justice which was completely discounted and disregarded by his counsel[,] overlooked by the U.S. Probation Office and the Court.").

As this Court explained, such alleged ministerial errors (confusing someone else's criminal record with movant's) blended with an ineffective assistance claim (Larios says he told his lawyer, who ignored him) support heartland § 2255 claims aimed at challenging a criminal sentence. As the Government correctly contended:

> A section 2255 motion is typically the exclusive remedy for a federal prisoner to collaterally attack the validity of his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Larios has never filed any such motion, but it appears that such a motion would be untimely. *See* 28 U.S.C. § 2255(f)(1) (typically requiring such a motion to be filed within a year of "the date on which the judgment of conviction becomes final"). Recharacterizing Larios's motion under § 2255 thus likely would be futile.

Doc. 53 at 3; *see also Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1372 (11th Cir. 2015) ("To proceed under [28 U.S.C.] § 2241, a federal prisoner first must show some procedural defect in § 2255 renders it inadequate to test the legality of h[is] conviction.").

Larios insisted that the Court could use Fed. R. Crim. P. 36, but that only covers minor, uncontroversial errors, not those that pack

sentence-altering results.[1] He also invoked Fed. R. Civ. P. 60(a), but, as the Court also explained, those "corrections are for the purpose of accurately reflecting the decision that the court actually made, not to alter the substance of the decision." *United States v. Akiti*, 2016 WL 837931 at * 2 n. 3 (D. Minn. Mar. 3, 2016) (citing *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997)). Larios wants his sentence reduced per "correction." That unquestionably seeks to alter the judgment against him.

---

[1] As analyzed by another court, where the defendant also invoked Rule 36 to correct claimed "clerical errors" in his Presentence Investigative Report (PSR):

> Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. While the Defendant argues that he is objecting to a "clerical error" in his PSR, he is in fact asserting a substantive challenge to the information contained therein. "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report . . . ." *United States v. Wilkes*, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam). Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document. See Fed. R. Crim. P. 32(f)(1). Because the time for making such objections has long since passed, the Court lacks jurisdiction to entertain the Defendant's objection to his PSR. *See United States v. Davis*, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

*United States v. Odman*, 2016 WL 1353986 at * 1 (W.D.N.C. Apr. 5, 2016); *see also Ortiz v. United States*, 2016 WL 1047070 at * 2 (S.D.N.Y. Mar. 10, 2016) (Rule 36 "permits the Court to correct errors 'of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.' *Marmolejos v. United States*, 789 F.3d 66, 71 (2d Cir. 2015). '[A] clerical error must not be one of judgment or even of misidentification.' *Id.*").

The Court thus would not accept his generic "Petition" label.[2] Because Larios in substance had filed a § 2255 motion (his first such motion), the Court warned him under *Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . [it] must notify [him] that it intends to recharacterize the pleading, warn [him] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). Doc. 57. It thus gave him 30 days to advance or withdraw his § 2255 motion. *Id.* at 5.

Rather than comply, Larios has filed a Writ of *Audita Querela*, doc. 58, which "may not be granted when relief is cognizable under § 2255. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)." *United States v. Byrd*, 2010 WL 5463060 at * 1 (M.D. Fla. Dec. 29, 2010); *United States v. Chandler*, ___ F.Supp.3d ___, 2016 WL 1698253 at * 5 (N.D. Ala. Apr. 28, 2016) ("With section 2255 (or, possibly, section 2241) being the

---

[2] "Federal courts have 'an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted)." *Cruitt v. Alabama*, 2016 WL 1382405 at * 1 (11th Cir. Apr. 7, 2016).

only available avenue of relief for Chandler's claim, there is no gap in the federal post-conviction remedial scheme for *audita querela* to fill. The ancient writ slumbers still."); *see also Jackson v. Flournoy*, 2016 WL 3167187 at * 2 (S.D. Ga. June 6, 2016) (equity, hence a writ, can do no service where at-law (hence, statutory) remedies exist; consequently, one cannot use the writ of *audita querela* where a statutory sentencing remedy exists).

Hence, Adan Platas Larios' "Petition," doc. 52, *as amended,* doc. 58 ("Writ of *Audita Querela*") should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this   20th   day of June, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA